# In the United States Court of Federal Claims

Bid Protest
No. 18-659C
Filed: September 5, 2018
NOT FOR PUBLICATION

| | |
|---|---|
| VETERANS ELECTRIC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) RCFC 59; Motion For Reconsideration. |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Andrew R. Newell*, Counsel of Record, Whitcomb, Selinsky, McAuliffe P.C., Denver, CO, for plaintiff.

*Christopher L. Harlow*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Brian R. Reed*, Procurement Counsel, Office of General Counsel, United States Department of Veterans Affairs, for defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

GRIGGSBY, Judge

## I.      INTRODUCTION

Plaintiff, Veterans Electric, LLC ("Veterans Electric"), has moved for reconsideration of the Court's July 23, 2018, Memorandum Opinion and Order, (1) granting the government's motion to dismiss this pre-award bid protest matter; (2) denying as moot the parties' cross-motions for judgment upon the administrative record; (3) denying Veterans Electric's motions for a temporary restraining order and for a preliminary injunction; and (4) dismissing the complaint (the "July 23, 2018, Decision"), pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC").  For the reasons set forth below, the Court **DENIES** Veterans Electric's motion for reconsideration.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual Background

A detailed factual background for this pre-award bid protest dispute is set forth in the July 23, 2018, Decision.  *Veterans Elec., LLC v. United States*, 2018 WL 3583330, at \*1-4 (Fed. Cl. July 23, 2018).  In this case, Veterans Electric challenged the decisions of the United States Department of Veterans Affairs (the "VA") to, (1) cancel a request for quotations for a contract to provide a nurse call/code blue system for the VA's Medical Center located in Madison, Wisconsin (the "Nurse Call Contract") and (2) subsequently re-solicit the Nurse Call Contract as a total small business set-aside contract.  *Id.* at \*1.

On July 23, 2018, the Court issued a Memorandum Opinion and Order which, among other things, dismissed both of Veterans Electric's challenges upon the grounds that:  (1) Veterans Electric lacked standing to pursue its challenges of the original solicitation and the re-solicitation for the Nurse Call Contract; (2) Veterans Electric waived its challenge to the original solicitation's contractor qualification requirements; and (3) Veterans Electric was not entitled to any injunctive relief because it did not succeed upon the merits of any of its claims.  *Id.* at \*7-10. Because the Court concluded that Veterans Electric lacked standing, the Court did not reach the merits of Veterans Electric's claims.  *Id.* at \*10 n.4.

With regards to the issue of standing, the Court held that the administrative record makes clear that Veterans Electric lacked standing to pursue this bid protest matter, because Veterans Electric was not qualified to compete for the Nurse Call Contract under either the original solicitation or the new solicitation for the contract.  *Id*. at \*8.  In this regard, the Court found that the statement of work for the Nurse Call Contract requires that the awardee of this contract must have been an authorized ASCOM distributor and service organization for at least three years. *Id*.; *see also* AR Tab 6 at 88; AR Tab 2 at 23; AR Tab 3 at 59.  Because Veterans Electric acknowledged that it did not meet this requirement, the Court concluded that Veterans Electric would not have had a substantial chance of being awarded the Nurse Call Contract but for the VA's decision to cancel the original solicitation.  *Veterans Elec.*, 2018 WL 3583330, at \*8.

The Court also held that the record evidence shows that the requirement to be an ASCOM distributor and service organization for at least three years also applied to the VA's new solicitation for the Nurse Call Contract.  *Id*.; s*ee also* AR Tab 2 at 23; AR Tab 6 at 88.  And so,

the Court concluded that Veterans Electric was not qualified to compete for the award of the Nurse Call Contract, pursuant to either the original solicitation or new solicitation for this contract, because Veterans Electric had not shown that it had a substantial chance of being awarded the Nurse Call Contract. *Veterans Elec.*, 2018 WL 3583330, at *8; *Madison Servs., Inc. v. United States*, 90 Fed. Cl. 673, 680 (2009).

The Court also held that Veterans Electric waived its challenge of the terms of the original solicitation for the Nurse Call Contract and that this waiver constituted an independent ground for dismissing Veterans Electric's protest of the VA's decision to cancel the original solicitation. *Veterans Elec.*, 2018 WL 3583330, at *10.  Specifically, the Court held that, to the extent that Veterans Electric sought to challenge the original solicitation's requirement that a qualified contractor be an authorized distributor and service organization for ASCOM for a minimum of three years, the Court must dismiss this claim because "[t]here is no dispute that Veterans Electric did not raise any concerns about this language prior to submitting its quote and the close of the bidding process for the original solicitation for the Nurse Call Contract." *Id.* And so, the Court also dismissed Veterans Electric's protest of the VA's decision to cancel the original solicitation for the Nurse Call Contract, because Veterans Electric waived any claim challenging the terms of the original solicitation. *Id.*; *see Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313-15 (Fed. Cir. 2007).

Lastly, the Court held that it must deny Veterans Electric's motions for injunctive relief because Veterans Electric failed to establish that it has standing to pursue any of its claims. Given this, the Court concluded that Veterans Electric could not have succeeded upon the merits of these claims. *Veterans Elec.*, 2018 WL 3583330, at *10; *see also Argencord Mach. & Equip., Inc. v. United States*, 68 Fed. Cl. 167, 176 (2005).  And so, the Court, (1) granted the government's motion to dismiss this matter; (2) denied as moot the parties' cross-motions for judgment upon the administrative record; (3) denied Veterans Electric's motions for a temporary restraining order and for a preliminary injunction; and (4) dismissed the complaint. *Veterans Elec.*, 2018 WL 3583330, at *10-11.

### B.   Procedural Background

On July 23, 2018, the Court issued a Memorandum Opinion and Order, (1) granting the government's motion to dismiss; (2) denying as moot the parties' cross-motions for judgment

upon the administrative record; (3) denying Veterans Electric's motions for a temporary restraining order and for a preliminary injunction; and (4) dismissing the complaint. *See id.* at *1. On August 7, 2018, Veterans Electric filed a timely motion to reconsider the July 23, 2018, Decision. *See generally* Pl. Mot.; RCFC 59.

## III.   LEGAL STANDARDS

Motions for reconsideration are governed by RCFC 59, which provides, in relevant part:

> **(1) *Grounds for New Trial or Reconsideration.*** The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
>
> > (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
> >
> > (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
> >
> > (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). This Court has held that "[t]o prevail upon a motion for reconsideration under RCFC 59, the movant must identify a 'manifest error of law, or mistake of fact.'" *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013). "Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice." *Id.* at 361 (citing *Petro-Hunt, L.L.C. v. United States*, 2012 WL 1957929, at *1 (Fed. Cl. May 30, 2012)); *see also Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016). In addition, granting such relief requires "'a showing of extraordinary circumstances.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300).

This Court has also held that motions "for reconsideration may not be used simply as 'an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected.'" *Johnson*, 126 Fed. Cl. at 560 (quoting *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000)). And so, "[t]he decision whether to grant reconsideration lies largely within

the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

## IV.   LEGAL ANALYSIS

In its motion for reconsideration, Veterans Electric requests that the Court reconsider the July 23, 2018, Decision for two reasons.  First, Veterans Electric argues that the Court improperly applied the "substantial chance" test to its pre-award protest of the terms of the new solicitation for the Nurse Call Contract.  Pl. Mot. at 3-5.  Second, Veterans Electric argues that reconsideration is warranted because it did not waive the right to protest the new solicitation for the Nurse Call Contract as defective.  *Id.* at 5-7.  And so, Veterans Electric requests that the Court, (1) reconsider its request for injunctive relief; (2) address the merits of its claims; and (3) issue a temporary restraining order prohibiting an award under the new solicitation for the Nurse Call Contract.  *Id.* at 7-8.

A careful review of Veterans Electric's motion for reconsideration shows that Veterans Electric as not met its heavy burden to demonstrate that reconsideration of the July 23, 2018, Decision is warranted in this case.  And so, for the reasons set forth below, the Court **DENIES** Veterans Electric's motion for reconsideration.

### A.   Reconsideration Of The Issue Of Standing Is Not Warranted Because Veterans Electric Is Not A Qualified Bidder Under The New Solicitation

As an initial matter, Veterans Electric has not shown that reconsideration of the Court's decision that Veterans Electric lacks standing to pursue its challenge of the VA's decision to re-solicit the Nurse Call Contract is warranted, because there is no dispute that Veterans Electric is not qualified to compete for this contact under the VA's new solicitation.  In its motion for reconsideration, Veterans Electric argues that the Court improperly applied the substantial chance test to determine whether Veterans Electric had standing to pursue its challenge of the VA's decision to re-solicit the Nurse Call Contract.  *Id.* at 3-5.  Specifically, Veterans Electric argues that "applying the substantial chance test to its pre-award protest of the New Solicitation was error," because the appropriate test for standing under such circumstances is whether Veterans Electric can establish a "non-trivial competitive injury which can be addressed by judicial relief."  *Id*. at 3-4; *see Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1361 (Fed. Cir. 2009).  And so, Veterans Electric maintains that it has standing to pursue its claim under the

non-trivial competitive injury test in this case, because it "suffered a non-trivial competitive injury when the VA wrote a solicitation that could only be award to one company, unfairly excluding Veterans Electric (or anyone else) from competing for the award." [1]  Pl. Mot. at 5.

The Court is not persuaded by Veterans Electric's argument.  As the Court observed in the July 23, 2018, Decision, Veterans Electric must show that "'it [(1)] is . . . an actual or prospective bidder and [(2)] . . . has a direct economic interest in the procurement or proposed procurement'" to have standing in this case.  *Veterans Elec.*, 2018 WL 3583330, at *5 (alterations original) (quoting *Diaz v. United States*, 853 F.3d 1355, 1358 (Fed. Cir. 2017)); *see also* 31 U.S.C. § 3551(2); *Digitalis Educ. Sols., Inc. v. United States*, 664 F.3d 1380, 1384 (Fed. Cir. 2012).  Veterans Electric correctly argues in its motion for reconsideration that the Federal Circuit has held that the Court may apply a test other than the substantial chance test to determine direct economic interest in certain pre-award bid protest matters involving a challenge to the terms of a solicitation—namely, whether the plaintiff has a "non-trivial competitive injury which can be addressed by judicial relief."  Pl. Mot. at 4; *Weeks Marine*, 575 F.3d at 1362; *see also Veterans Elec.*, 2018 WL 3583330, at *5, *8 n.2.  But, Veterans Electric has not shown that application of the non-trivial competitive injury test to the undisputed facts in this case would result in a finding that Veterans Electric has standing to pursue its claims.

As the Court held in the July 23, 2018, Decision, the administrative record makes clear that Veterans Electric is not qualified to compete for the Nurse Call Contract—under either the original solicitation or the new solicitation—because the statement of work for the Nurse Call Contract requires that the awardee of this contract must have been an authorized ASCOM distributor and service organization for at least three years.  *Veterans Elec.*, 2018 WL 3583330, at *8; *see also* AR Tab 6 at 88; AR Tab 2 at 23; AR Tab 3 at 59; AR Tab 6 at 88.  While Veterans Electric argues in its motion for reconsideration that it has standing to pursue a claim challenging the new solicitation for this contract under the non-trivial competitive injury test, Veterans Electric fails to explain how it could have suffered a non-trivial competitive injury due to the VA's decision to issue a new solicitation, given that there is no dispute that Veterans

---

[1] During the briefing of the government's motion to dismiss and the parties' cross-motions for judgment upon the administrative record, the parties fully briefed the standing issue, and neither party argued that the non-trivial competitive injury test is applicable to the facts of this case.  *See* Pl. MJAR at 7-11; Def. Mot. at 8-11; Pl. Resp. at 2-6; Def. Reply at 2-4.

Electric fails to meet the contractor qualification requirements in the new solicitation.  Pl. Mot. at 4-5.

As discussed above, Veterans Electric acknowledged during the briefing of the government's motion to dismiss that it was not an authorized ASCOM distributor and service organization.  *See Veterans Elec.*, 2018 WL 3583330, at *8.  Because Veterans Electric has not shown that application of the non-trivial competitive injury test to the undisputed facts in this case would alter the Court's standing analysis, Veterans Electric has not met its burden to prove that reconsideration of the Court's July 23, 2018, Decision is warranted in this case.  *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (quoting *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002)) (explaining that reconsideration is only appropriate "where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension. . . .'").

**B.    The Fact That Veterans Electric Did Not Waive The Right To Challenge The New Solicitation Does Not Warrant Reconsideration**

Veterans Electric's argument that reconsideration of the July 23, 2018, Decision is necessary because it did not waive the right to challenge the terms of the new solicitation for the Nurse Call Contract is equally unavailing.  In its motion for reconsideration Veterans Electric correctly argues that it did not waive the right to challenge the terms of the VA's new solicitation for the Nurse Call Contract because it objected to the new solicitation prior to the close of the bidding process.  Pl. Mot. at 5-6; *see also Blue & Gold*, 492 F.3d at 1313-15.  But, the Court did not hold that Veterans Electric waived this claim in the July 23, 2018, Decision.

Rather, in the July 23, 2018, Decision, the Court held that Veterans Electric waived any challenge to the terms of the *original* solicitation by not raising the issue prior to the close of bidding.  *Veterans Elec.*, 2018 WL 3583330, at *10 (citing *Blue & Gold*, 492 F.3d at 1313-15).  And so, the Court's holding in this regard was an independent basis for dismissing Veterans Electric's protest of the VA's decision to cancel the original solicitation for the Nurse Call Contract.  *Id*.

More importantly, as discussed above and in the July 23, 2018 Decision, the undisputed facts of this case make clear that Veterans Electric lacks standing to pursue its challenge of the

VA's decision to issue a new solicitation for the Nurse Call Contract.  *See id.* at *7-10.  Given this, the fact that Veterans Electric did not waive the right to challenge the terms of the new solicitation for the Nurse Call Contract cannot revive Veterans Electric's claim.

### C.    Reconsideration Of Veterans Electric's Requests For Injunctive Relief Is Not Appropriate

Lastly, Veterans Electric also has not shown that the Court should reconsider its request for injunctive relief in this bid protest dispute.  In its motion for reconsideration, Veterans Electric argues that the Court "should evaluate the merits of [its] claim and determine that the New Solicitation is defective," because Veterans Electric has standing to pursue its challenge of the VA's new solicitation.  Pl. Mot. at 7.  And so, Veterans Electric further argues that "[i]t is necessary for the Court to grant Veterans Electric injunctive relief to preserve its ability to obtain meaningful relief when it prevails upon the merits of its protest of the New Solicitation."  *Id.*

But, as the Court observed in the July 23, 2018, Decision, Veterans Electric has not established that it is entitled to the injunctive relief that it seeks in this matter because Veterans Electric has not shown that it has standing to pursue any of its claims.  *See Veterans Elec.*, 2018 WL 3583330, at *7-10.  Given this, Veterans Electric cannot succeed upon the merits of its claims.  And so, the Court appropriately denied Veterans Electric's motions seeking injunctive relief and declined to reach the merits of this bid protest dispute.  *Id.* at *10 n.4; *see also Argencord Mach. & Equip., Inc. v. United States*, 68 Fed. Cl. 167, 176 (2005) (holding that a plaintiff that has not actually succeeded upon the merits of its claim cannot prevail upon a motion for injunctive relief).

## V.    CONCLUSION

In sum, Veterans Electric simply has not met its burden to show that reconsideration of the Court's July 23, 2018, Decision is warranted in this case.  And so, for the reasons discussed

above, the Court **DENIES** Veterans Electric's motion for reconsideration.

       **IT IS SO ORDERED.**


s/ Lydia Kay Griggsby _____
LYDIA KAY GRIGGSBY
Judge